**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL ACTION NO. |
| | ) | |
| Plaintiff, | ) | 3:18-CR-00356-S |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS SELGAS, | ) | |
| MICHELLE L. SELGAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### JOINT REQUEST TO MODIFY CONDITION OF PRETRIAL RELEASE THAT PROHIBITS THE DEFENDANTS FROM POSSESSING A FIREARM

The defendants in this case are charged with conspiring to violate the tax laws. All are currently subject a condition of pretrial release that precludes them from possessing a firearm. The defendants request that this court remove this condition from their pretrial release.

18 U.S.C. § 3142(c)(1)(B) of the Bail Reform Act, provides the court shall order the pretrial release of the person "subject to the least restrictive condition or combination of conditions" that the judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community.

Nevertheless, it is admittedly common for courts to impose conditions of pretrial release that attempt to prevent or reduce the risk that the defendant will engage in similar or related criminal activities to those charged in the complaint or indictment. Defendants charged with crimes involving the use of computers or the internet may, for example, be denied or restricted in their future access to computers, including the use of computers at work. Similarly, a defendant may be precluded from engaging in a certain occupation or employment if there is a substantial risk that the defendant will use the access provided by the employment to commit additional crimes.  In

this case, however, there is no allegation of violence whatsoever in the indictment, or any other allegation that any of the defendants have engaged in conduct that would justify an order prohibiting them from possessing firearms.

Although 18 U.S.C. § 922(n) makes it "unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce," this statute in no way prohibits the defendants from possessing firearms they possessed prior to indictment. Indeed, even the prohibition of the defendants from receiving firearms, on the facts of this case probably runs afoul of the Second Amendment.

In *District of Columbia v. Heller,* 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), the Supreme Court held that the Second Amendment protects an individual's right to keep and bear arms. In so holding, the Court stated that the inherent right of self-defense, particularly in the home, is central to the Second Amendment right. *Id.,* 128 S.Ct. at 2817. In *McDonald v. City of Chicago,* ⸺ U.S. ⸺, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), the Court held that the right to keep and bear arms is a fundamental right and applies to the states pursuant to the incorporation doctrine of the Fourteenth Amendment. In so holding, the Court stated that self-defense is a basic right recognized by many legal systems from ancient times to the present day, and that individual self-defense is the central component of the Second Amendment right.[1]

In the wake of *Heller* and *McDonald,* the court of appeals have been called on to decide whether various laws regulating firearms violate the Second Amendment. In deciding these cases,

---

[1] In this case, in addition to being concerned about their right to defend themselves, the defendants have concerns about protecting their property. They live on a farm in Athens, Texas, and keep livestock on that farm. They need access to firearms to protect that livestock from predators such as coyotes.

the courts have also been required to determine the appropriate standard of scrutiny to be applied to a particular law.

The district court, in *United States v. Laurent,* 861 F.Supp.2d 71 (E.D.N.Y.2011), upheld § 922(n) prohibition of an indicted defendant from receiving guns under the intermediate standard of scrutiny on the limited fact of this case. In assessing the burden that § 922(n) imposes on the exercise of Second Amendment rights, *Laurent* stated that the statute is different from a prohibition on gun possession by a convicted felon which *Heller* described as "presumptively lawful." A person under indictment is presumed innocent and, until conviction, is not guilty of the charge that triggers the application of § 922(n). "Thus, for purposes of construing the statute, a defendant under indictment is a law-abiding citizen who remains eligible for Second Amendment protections." *Laurent,* at 102. In holding that § 922(n) is subject to an intermediate level of constitutional scrutiny, *Laurent* stated:

> Unlike the total ban at issue in *Heller*, § 922(n) applies only to a narrow class of persons, rather than to the public at large. It is substantially similar to § 922(g)(9) and § 922(g)(8), the statutes at issue in *Skoien* and *Reese,* respectively. Both of those provisions prohibit the *possession* of firearms by narrow classes of persons who, based on their past behavior, are more likely to engage in domestic violence for an unlimited period. Section 922(n) is less restrictive than either of those statutes, since it only criminalizes shipping, transportation, or receipt of a firearm, not possession. It also only applies for the limited period between indictment and either acquittal or conviction. Intermediate, not strict, scrutiny is appropriate…As demonstrated by the facts of this case, it cannot be said that Congress' determination to criminalize the act of receiving a firearm while under indictment was unreasonable, and that "no set of circumstances ... under which [the statute] would be valid." *Salerno,* 481 U.S. at 745, 107 S.Ct. 2095. Laurent was initially indicted in state court for crimes arising out of gun play in a residential building. He was subsequently arrested after allegedly robbing another individual at gun point. The fact that Laurent was charged with the instant crime because he apparently committed a crime of violence while under indictment undermines any claim he might have that § 922(n) is not substantially related to preventing him from engaging in further violence. He is hardly the law-abiding householder with a gun at home to protect his family. The statute is thus also not unconstitutional as applied to this defendant.

*Laurent,* at 105.

The factual circumstances pertaining to the defendants are, however, substantially different from those pertaining to the defendant in *Laurent.* The indictment in this case does not charge the defendants with a crime of violence, nor do the defendants have a prior criminal history of violence or crimes involving firearms. Moreover, the defendants are not prohibited by statute from possessing firearms. Most importantly the defendants unequivocally do not pose a substantial risk that they will engage in future gun violence. A pretrial condition prohibiting them from possessing firearms that they possessed prior to the indictment is therefore unconstitutional.

Respectfully submitted,

/s/ Franklyn Mickelsen
Franklyn Mickelsen
Tx. Bar No. 14011020
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
214-720-9552
214-720-9594 (facsimile)
mick@texascrimlaw.com

Attorney for Defendant
Thomas Selgas


/s/ John M. Helms
John M. Helms
Tx. Bar No. 09401001
Law Office of John M. Helms
12240 Inwood Road, Suite 220
Dallas, Texas 75244
469-951-8496
john@johnhelmslaw.com

Attorney for Defendant
Michelle Selgas

**CERTIFICATE OF CONFERENCE**

    I, Franklyn Mickelsen, certify that I conferred with Robert Kemins, counsel for the United States of America, and he is OPPOSED.  Michael Minns on behalf of John Green agrees with the legal analysis presented in this motion.

                                              /s/ Franklyn Mickelsen
                                              Franklyn Mickelsen

## **CERTIFICATE OF SERVICE**

I, Franklyn Mickelsen, certify that on November 6, 2018, I caused the foregoing document to be served via electronic filing on all counsel of records.

/s/ Franklyn Mickelsen
Franklyn Mickelsen